IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN D. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 06-3040-CV-S-REL-SSA |
| JO ANNE BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the court is a motion to dismiss filed by defendant on July 3, 2006, on the ground that plaintiff failed to file his complaint in federal court within 60 days of receiving notice of the Appeals Council's denial of plaintiff's request for review. For the following reasons, the motion to dismiss will be denied.

## *I.  BACKGROUND*

Plaintiff filed two applications for Social Security benefits, one under Title II and one under Title XVI. Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of Social Security under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under § 205.

Plaintiff's applications were denied, and after an administrative hearing, an Administrative Law Judge found on August 17, 2004, that plaintiff was not disabled. On September 30, 2004, the Appeals Council denied plaintiff's request

for review. On February 1, 2006, plaintiff filed a complaint in federal district court seeking a review of the Commissioner's decision.

## II. MOTION TO DISMISS

Section 405(g) of the Social Security Act states as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the commissioner of Social Security may allow.

The Social Security regulations are more lenient, providing that a civil action must be commenced within sixty days after notice of the Appeals Council decision "is received by the individual." 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.981, 416.1481 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's decision."); Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003). The receipt of notice of the Appeals Council decision is presumed to be five days after the date of the notice, unless there is a reasonable showing to the contrary; and that notice sent to the individual's representative has the same force and effect as notice sent to the individual. 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.901, 416,1401 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); 20 C.F.R. §§ 404.1715(b), 416-1515(b) ("A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.")

2

A claimant can rebut the presumption that he received notice five days after it was mailed by making a "reasonable showing to the contrary" that he did not receive such notice within five days. 20 C.F.R. § 422.210(c). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. Matsibekker v. Heckler, 738 F.2d 79, 81 (2nd Cir. 1984).

Courts have held that an affidavit by the claimant is insufficient, and an affidavit by the claimant's attorney is insufficient, to rebut the presumption that notice was received. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987). However, in this case plaintiff provided the following explanation and evidence:

On August 20, 2004, plaintiff filed a request for review of hearing decision with the Appeals Council via certified mail with return receipt requested. Plaintiff has attached as an exhibit to his response the request for review dated August 20, 2004, the certified mail receipt dated August 24, 2004, and the return receipt showing that the Office of Hearings and Appeals received the request for review on August 26, 2004.

On May 12, 2005, plaintiff's counsel wrote a letter to the Appeals Council inquiring about the status of the case, indicating that she had been receiving decisions on other cases within six months, although she realized it sometimes took much longer. Plaintiff has attached to his response a copy of this letter to the Appeals Council, a certified mail receipt dated May 12, 2005, and a return

receipt showing that the Office of Hearings and Appeals received the letter on May 16, 2005.

Plaintiff states in his response that his attorney received no response to her May 2005 letter to the Appeals Council. Therefore, on January 27, 2006, a paralegal in the office telephoned the Social Security Administration in Baltimore inquiring as to the status of plaintiff's appeal at the Appeal's Council. She was informed that the only denial he could find on the computer was one in October 2004. He told the paralegal to contact the local Social Security Administration office so that office could send an inquiry to the Appeals Council. Attached to plaintiff's response is a copy of the telephone conference record showing that a person named James with SSA stated that he could only find a denial from October 2004 and the attorney's office needed to send a message to the local office and have them call the attorney's office with a response.

Plaintiff states in his response that the same day, the paralegal called Jeannie Compton with the Lebanon, Missouri, SSA office. Ms. Compton requested a form SSA-3288 be forwarded to Tony Hawkins after which he could give her additional information. Plaintiff's signature was obtained on the form SSA-3288 on January 30, 2006, and that form was faxed to Tony Hawkins on January 31, 2006. Attached to plaintiff's response is a copy of an inter-office memo showing that a paralegal called the Lebanon SSA office and spoke to Jeannie Compton who said to send a 3288. In addition, plaintiff has attached a

4

copy of the SSA-3288 dated January 30, 2006, and a fax report dated January 31, 2006, showing that the fax went through to phone number 417-532-6691.

In his response, plaintiff states that the paralegal contacted Tony Hawkins by telephone on January 31, 2006, after the fax was sent. Mr. Hawkins stated that the Appeals Council issued a decision in September 2004; however he could not ascertain the exact date. The paralegal requested a copy of the denial, and Mr. Hawkins stated he could not find a copy of the actual denial on his computer. It was his opinion at that time that there was no evidence that a notice was ever issued. Attached to plaintiff's response is a telephone conference record showing that a call was made to Tony Hawkins, and he stated that there was an Appeals Council denial in September 2004, "No Ntes [sic] showing on SSA system, not properly notified."

In his response, plaintiff states that on the same day, January 31, 2006, plaintiff's attorney mailed a letter to Administrative Appeals Judge Dianne Bobowski requesting additional time to file plaintiff's complaint based on SSA's failure to notify plaintiff of the denial. Attached to plaintiff's response is a copy of the letter to Judge Bobowski, a copy of the certified mail receipt dated January 31, 2006, and a copy of the return receipt showing that Judge Bobowski received the letter on February 2, 2006. Plaintiff never received a response to this request.

In <u>McKentry v. Secretary of Health and Human Services</u>, 655 F.2d 721, 724 (6th Cir. 1981), the court of appeals held that the presumption that the notice was

5

received five days after it was mailed did not apply because:

> (1) No copy of the notice was mailed to appellant's attorney of record and we find no evidence in the record establishing that a copy was mailed to appellant; (2) the presumption, if it did arise, is rebuttable; and (3) appellant introduced evidence of non-receipt of the notice.

In that case, the file in the Social Security office contained a copy of a "Notice of Reconsideration" stating that "If you want a hearing, you must request it not later than 60 days from the date you receive this notice." However, there was no evidence in the file that the notice was mailed to either the claimant or her attorney.

In this case, defendant includes with her motion a declaration by Earnest Baskerville, the Chief of Court Case Preparation and Review, who stated that "On September 30, 2004, the Appeals Council sent, by mail addressed to the plaintiff at 424 E. Front Street, Mountain Grove, MO 65711, notice of its action on the plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt". Mr. Baskerville did not state in his declaration that notice was sent to plaintiff's attorney.

Also included with the defendant's motion to dismiss is a copy of the notice of unfavorable decision, dated August 17, 2004 (which had a "cc" at the bottom to plaintiff's counsel); a copy of the Administrative Law Judge's decision; and a copy of the notice of appeals council action dated September 30, 2004, also with a "cc" to plaintiff's counsel. There is no evidence that this notice was ever sent to plaintiff or his attorney. "The presence of a piece of paper in the

6

Department's file is not necessarily proof of mailing." McKentry v. Secretary of Health and Human Services, 655 F.2d at 724, citing Atteberry v. Finch, 424 F.2d 36 (10th Cir. 1970).

Plaintiff's attorney received a copy of the ALJ's unfavorable decision and filed a Request for Review. Neither plaintiff nor his attorney, according to the response, received a copy of the Appeals Council's decision; there is nothing in the SSA file indicating that notice was ever mailed; plaintiff's attorney sent a letter to SSA several months after the request for rehearing was filed, asking about the status of the case, and received no response from SSA; when plaintiff's paralegal called SSA, she was told that the SSA employee could not find a copy of the notice in the file and it appeared to him that no notice was ever sent. Once plaintiff's attorney learned of the denial by the Appeals Council, the complaint was filed in federal court within sixty days. See Gibbs v. Harris, 501 F. Supp. 124, 125 (D. Md. 1980), aff'd, 665 F.2d 1039 (4th Cir. 1981), holding that a telephone call wherein the claimant or his representative learns of a decision begins the sixty-day statute of limitations.

Based on this information, I find that the presumption that notice was received five days after it was mailed does not apply in this case because there is no evidence that the notice was ever mailed, and there is abundant evidence that the notice was not mailed. See McCall v. Bowen, 832 F.2d at 864 (sufficient

evidence consisted of a copy of the letter which was properly addressed, date stamped, and also had the certified mail number written on it").

### III. CONCLUSION

The Social Security Act is remedial in nature, seeking to provide assistance to those who are medically unable to secure employment, and is to be construed liberally.  <u>McKentry v. Secretary of Health and Human Services</u>, 655 F.2d at 724, citing <u>Helvering v. Davis</u>, 301 U.S. 619, 641-45 (1937).  Because of the abundant evidence that the notice of the Appeals Council's decision was not mailed to plaintiff or his attorney, I find that the sixty-day time for filing a complaint did not begin until plaintiff's attorney's paralegal was notified of the decision by SSA in January 2006.  Because plaintiff's complaint was filed within sixty days of that notice, it is

ORDERED that the motion to dismiss is denied.  It is further

ORDERED that defendant file an answer to plaintiff's complaint by August 23, 2006.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 9, 2006